**FILED**

APR 2 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Grant North
12270 S 2600 W
Riverton, UT 84065

Case No.

        Petitioner,

JURY TRIAL REQUESTED

v.

United States Government

        Respondent.

Case: 1:07-cv-00781
Assigned To : Sullivan, Emmet G.
Assign. Date : 4/27/2007
Description: PRO SE GEN. CIVIL

*JURY ACTION*

**VERIFIED COMPLAINTPETITION FOR REVIEW OF AGENCY ACTION PURSUANT TO 28 UNITED STATES CODE § 1331, ADMINISTRATIVE PROCEDURE ACT, 80 STAT. 392, SECTION 705 OF THE ADMINISTRATIVE PROCEDURE ACT, 80 STAT. 393, SECTION 706 OF THE ADMINISTRATIVE PROCEDURE ACT, 80 STAT. 393**

I
### INTRODUCTION

COME(S) NOW Grant North , and for cause(s) of action, aver(s):

I.  **PARTIES**

    A.    Petitioner is a Citizens of Utah.

    B.    Respondent is the UNITED STATES OF AMERICA.

II.  **JURISDICTION**

    A.    This Court has jurisdiction pursuant to:

        1.    Section 704 of the ADMINISTRATIVE PROCEDURE ACT, 80 Stat.

392, for review of final agency actions for which there is no other adequate

remedy in a court;

2.      Section 705 of the ADMINISTRATIVE PROCEDURE ACT, 80 Stat. 393, to compel agency action unlawfully withheld or unreasonably denied; and,

3.      Section 706 of the ADMINISTRATIVE PROCEDURE ACT, 80 Stat. 393, to provide for judicial review of final agency actions for which there is no other adequate remedy in a court.

B.      Pursuant to §§ 705, 706 of the Administrative Procedures Act the district court of the United States has power to hold unlawful and set aside agency action findings, and conclusions found to be -

1.      (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

2.      (B) contrary to constitutional right, power, privilege, or immunity;

3.      (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

4.      (D) without observance of procedure required by law;

5.      (E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title [Title 5] or otherwise reviewed on the record of an agency hearing provided by statute; or

6.      (F) unwarranted by the facts to the extent that the facts are subject to

trial de novo by the reviewing court. In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

## III. VENUE

Petitioner(s) allege the following:

A.     Venue is proper in the District of Columbia, (26 USC §7433), as the permanent seat of government of the United States pursuant to Title 4, United States Code, § 71, 61 Stat. 643, wherein the offices of government are required to be exercised, pursuant to Title 4, United States Code, § 72, 61 Stat. 643.

B.     "The Office of the Secretary" is so exercised at 1500 Pennsylvania. Ave. N.W., Washington D.C.

## IV.   ALLEGATIONS[1]

Respondents' agent has executed upon petitioner's insurance companies the attached notices of levy.    Petitioner requests that the court review the actions of respondents' agent in issuing the attached notices of levy.

COUNT 1

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the levies. In connection with the issuance ot the aforementioned levies the IRS disregarded Internal Revenue Code section 6001, 68A Stat. 731, with intent to defeat the

---

[1] This listing is not inclusive.  There may be other provisions of Title 26 and its regulations that Petitioner(s) is/are not aware of which have been disregarded.

application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to notify Petitioner, by notice served or by regulation, of the imposition of a requirement to keep records, make statements, or file returns with respect to any tax imposed in the Internal Revenue Code for the years identified on the face of the levies;

COUNT 2

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the levies. In connection with the issuance ot the aforementioned levies the IRS disregarded Federal Tax Regulation 26 CFR 1.6001-1, subsection (d), promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6001 with respect to income tax imposed in Subtitle A of the Internal Revenue Code; with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to notify Petitioner, by notice served, of the imposition of a requirement to keep specific records, make statements, or file returns with respect to tax imposed in Subtitle A of the Internal Revenue Code for the years identified on the face of the levies;

COUNT 3

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the levies. In connection with the issuance ot the aforementioned levies the IRS disregarded Internal Revenue Code section 6020 , subsection (a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Grant North , as authorized *if* a "…person shall fail to make a return required…" for the years identified on the face of the levies;

COUNT 4

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the levies. In connection with the issuance ot the aforementioned levies the IRS disregarded Federal Tax Regulations in 27 CFR Part 53, promulgated pursuant to Internal Revenue Code section 7805, for which Internal Revenue Code section 6020 provides authority, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any

Substitute(s) for Return(s) in the name of Grant North for the years identified on the face of the levies; COUNT 5

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the levies. In connection with the issuance ot the aforementioned levies the IRS disregarded Federal Tax Regulations in 27 CFR Part 70, promulgated pursuant to Internal Revenue Code section 7805, for which Internal Revenue Code section 6020 provides authority, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Grant North for the years identified on the face of the levies;

COUNT 6

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the levies. In connection with the issuance ot the aforementioned levies the IRS disregarded Federal Tax Regulations in Federal Tax Regulation 26 CFR 301.6020-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions

of Internal Revenue Code section 6020 with respect to income tax, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Grant North for the years identified on the face of the levies;

COUNT 7

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the levies. In connection with the issuance ot the aforementioned levies the IRS disregarded Internal Revenue Code section 6020, subsection (b)(2), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to execute any Substitute(s) for Return(s) in the name of Grant North  for the years identified on the face of the levies;

COUNT 8

All previous counts set forth above, are realleged and incorporated as if fully set forth herein;

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the levies. In connection with the issuance ot the aforementioned levies the IRS

disregarded Internal Revenue Code section 6103, subsection (c), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to disclose returns, e.g., Substitute(s) for Return(s), and return information to Petitioner or Petitioner's representative upon request for the years identified on the face of the levies;

COUNT 9

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the levies. In connection with the issuance ot the aforementioned levies the IRS disregarded Internal Revenue Code section 6109, subsection (d) with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, forced Petitioner(s) into the use of a "social security account number issued to an individual for purposes of section 205(c)(2)(A) of the Social Security Act" assignable by the Commissioner of Social Security only to:

1.     aliens, see 42 USC § 405(c)(2)(B)(i)(I); and,

2.     applicants for/recipients of federal benefits, see 42 USC § 405(c)(2)(B)(i)(II) effectively creating, in Petitioner(s), a false status of "alien" and/or "applicant/recipient".

COUNT 10

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the levies. In connection with the issuance ot the aforementioned levies the IRS disregarded Internal Revenue Code section 6201,subsection (a), paragraphs (1) and (2), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to assess taxes alleged to be owed by Petitioner(s) for the years identified on the face of the levies;

COUNT 11

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the levies. In connection with the issuance ot the aforementioned levies the IRS disregarded 26 U.S.C § 6202,with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to make an assessment of the taxes and penalties for any of the aforementioned years Petitioner(s) allegedly owe(s), within the time and mode set forth by the secretary for the years identified

on the face of the levies;

COUNT 12

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the levies. In connection with the issuance ot the aforementioned levies the IRS disregarded Internal Revenue Code section 6203,with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to record assessment(s) in the office of the Secretary in the name ofGrant North for the years identified on the face of the levies;

COUNT 13

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the levies. In connection with the issuance ot the aforementioned levies the IRS disregarded Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a

component of the Department of Treasury, failed to execute, i.e., sign record(s) of assessment, which include(s),

     (1)     identification of the taxpayer;

     (2)     character of liability assessed;

     (3)     taxable period, if applicable; and,

     (4)     amount of assessment,

for the years identified on the face of the levies;

COUNT 14

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the levies. In connection with the issuance ot the aforementioned levies the IRS disregarded Internal Revenue Code section 6203,with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to furnish Petitioner copies of assessments with supporting lists "filed in the Office of the Secretary" upon request for the years identified on the face of the levies;

COUNT 15

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the levies. In connection with the issuance ot the aforementioned levies the IRS disregarded Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to furnish Petitioner copies of signed records of assessment with supporting lists upon request for the years identified on the face of the levies;

COUNT 16

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the levies. In connection with the issuance ot the aforementioned levies the IRS disregarded 26 U.S.C. §6501(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by neglecting to assess taxes owed within three years for the years identified on the face of the levies;

COUNT 17

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the levies. In connection with the issuance ot the aforementioned levies the IRS disregarded Internal Revenue Code section §6212 with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury by failing to send Petitioner(s) a notice of deficiency (90 day letter) for each of the aforementioned years for the years identified on the face of the levies;

COUNT 18

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the levies. In connection with the issuance ot the aforementioned levies the IRS disregarded 26 U.S.C. §6404(g), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to suspend interest and penalties for reason that respondent has not specifically stated the amount of, and the basis for the liability respondent says Petitioner(s) owe(s) for the years identified on the face of the levies;

COUNT 19

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the levies. In connection with the issuance ot the aforementioned levies the IRS disregarded 26 U.S.C. §6751(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to include in each notice imposing a penalty (1) the name of the penalty, (2) the Code section authorizing the penalty, and (3) an actual computation of the penalty for the years identified on the face of the levies;

COUNT 20

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the levies. In connection with the issuance ot the aforementioned levies the IRS disregarded 26 U.S.C. §6751(b)(1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to verify that a supervisor had personally approved, in writing, each initial penalty determination for the years identified on the face of the levies;

COUNT 21

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the levies. In connection with the issuance ot the aforementioned levies the IRS disregarded 26 U.S.C. §7491(c), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by refusing to produce any evidence with respect to the imposition of each penalty and additions for the years identified on the face of the levies;

COUNT 22

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the levies. In connection with the issuance ot the aforementioned levies the IRS disregarded 26 U.S.C. §7602(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by conducting a presumed financial status audit for each of the aforementioned years for the years identified on the face of the levies;

COUNT 23

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the levies. In connection with the issuance ot the aforementioned levies the IRS disregarded 26 U.S.C. §7491(b), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by refusing to prove items of income which were reconstructed solely through the use of statistical information on unrelated taxpayers for each of the aforementioned years for the years identified on the face of the levies;

COUNT 24

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the levies. In connection with the issuance ot the aforementioned levies the IRS disregarded 26 U.S.C. §6331(d)(1)(2) with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to send the Petitioner(s) a thirty (30) day notice for each of the aforementioned years for the years

identified on the face of the levies;

COUNT 25

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the levies. In connection with the issuance ot the aforementioned levies the IRS disregarded 26 U.S.C. §6330(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide Petitioner(s) with notice of a right to an impartial hearing before issuing a notice of lien and/or levy and/or other agency action for the years identified on the face of the levies; COUNT 26

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the levies. In connection with the issuance ot the aforementioned levies the IRS disregarded Internal Revenue Code section 6304, subsection (b), paragraph (1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, engaged in "conduct the natural consequence of which is to harass, oppress,

or abuse any person in connection with the collection of any unpaid tax," for the years identified on the face of the levies; COUNT 26

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the levies. In connection with the issuance ot the aforementioned levies the IRS disregarded Internal Revenue Code section 6320, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to hold a meaningful hearing in conjunction with subsections (c), (d) (other than paragraph (2)(B) thereof), and (e) of section 6330 for the years identified on the face of the levies; COUNT 27

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the levies. In connection with the issuance ot the aforementioned levies the IRS disregarded  Internal Revenue Code section 6321, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, asserted a lien for failure or neglect to pay without giving proper notice and without making demand for the years identified on the face of the levies;

COUNT 28

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the levies. In connection with the issuance ot the aforementioned levies the IRS disregarded section 6751(b)(1) of the Internal Revenue Code of 1986, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees violated IRC section 6751(b) by failing to verify that a supervisor had personally approved, in writing, the initial penalty determination for the years identified on the face of the levies; COUNT 29

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the levies. In connection with the issuance ot the aforementioned levies the IRS disregarded 26 U.S.C. §7123(b)(1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide Petitioner(s) with non-binding mediation before issuing a notice of lien and/or levy and/or other agency action for the years identified on the face of the levies;

COUNT 30

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the levies. In connection with the issuance ot the aforementioned levies the IRS disregarded 26 U.S.C. §6501(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide Petitioner(s) with non-binding mediation before issuing a notice of lien and/or levy and/or other agency action for the years identified on the face of the levies;

COUNT 31

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the levies. In connection with the issuance ot the aforementioned levies the IRS disregarded Internal Revenue Code section 6322, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, asserted liens for which no assessment was made in accordance with Internal Revenue Code section 6203 and Federal Tax Regulation 301.6203-1 for the years identified on the face of the levies;

COUNT 32

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the levies. In connection with the issuance ot the aforementioned levies the IRS

disregarded Internal Revenue Code section 6323,   subsection (f), paragraph (1),

subparagraph (A), with intent to defeat the application thereof: defendant, through

principals, officers, agents, and/or employees of Internal Revenue Service, purported to

be a component of the Department of Treasury, by failing to certify notice(s) of lien(s)

entitling same to be recorded pursuant to the Uniform Federal Tax Lien Registration Act,

as enacted in Utah for the years identified on the face of the levies;

## V

## ALLEGATIONS RE: BREACHES OF ADMINISTRATIVE PROCEDURE:

A.     Counts one through thirty two above, are realleged and incorporated as if fully

set forth herein.

B.     Upon information and belief, the failures of administrative procedure

identified in Counts one through thirty two above, were arbitrary, capricious, an

abuse of discretion, or otherwise not in accordance with law; contrary to

constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction,

authority, or limitations, or short of statutory right; without observance of procedure

required by law; unsupported by substantial evidence in a case subject to sections

556 and 557 of Title 5, United States Code, or otherwise reviewed on the record of

an agency hearing provided by statute, and unwarranted by the facts to the extent

that the facts are subject to trial de novo by the reviewing court.

## REMEDY SOUGHT

Petitioner requests a review of agency actions as set forth in counts 1 through 32

in accordance with the Administrative Procedures Act Sections 556 and 557.


Dated: _24 April_ , 200__ _2007_


_Grant North_
Grant North                                  _____


### Acknowledgment

On the above inscribed date before the undersigned, a Notary Public for the State
of Utah, personally appeared, Grant North, known to me to be the person(s) whose
name(s) are subscribed to the within instrument, and acknowledged to me that he/she/they
executed the same as his/her/their free act and deed.



Notary, State of Utah

Notary Public
VICKI L. McCOLLIN
100 West 9000 South, Suite 9
Sandy, Utah 84070
My Commission Expires
February 13, 2009
State of Utah

F 07-781 EGS

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I. (a) PLAINTIFFS
Grant North

## DEFENDANTS
United States Government

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Salt Lake
**(EXCEPT IN U.S. PLAINTIFF CASES)**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Grant North
12270 S 2600 W
Riverton, UT 84065
801-254-7697

ATTORNEYS (IF KNOWN)

Case: 1:07-cv-00781
Assigned To : Sullivan, Emmet G.
Assign. Date : 4/27/2007
Description: PRO SE GEN. CIVIL

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE an x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
- ☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
- ☐ 151 Medicare Act

**Social Security:**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ● F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

⦿ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Review of Agency Action

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  DEMAND $ _____  Check YES only if demanded in complaint  JURY DEMAND:  YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE  4-24-07   SIGNATURE OF ATTORNEY OF RECORD   *Grant North*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.