IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GRANT NORTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 1:07-cv-781-EGS |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

## UNITED STATES' MOTION TO DISMISS

The United States moves to dismiss this action. Plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because the Administrative Procedure Act does not provide jurisdiction over Plaintiff's claims. In the alternative, Plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted because Plaintiff's complaint contains no factual support whatsoever for any of the alleged instances in which the Service purportedly disregarded provisions of the Internal Revenue Code.

/

/

/

/

/

-1-

A memorandum of points and authorities in support of this motion and a proposed order are submitted herewith.

DATE: July 13, 2007

Respectfully submitted,

/s/ Anne E. Blaess
ANNE E. BLAESS
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Telephone: (202) 616-9806
Facsimile: (202) 514-6966
Email: Anne.E.Blaess@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' MOTION TO DISMISS, MEMORANDUM in support, and proposed ORDER were caused to be served upon Plaintiff *pro se* on the 13th day of July, 2007, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

    GRANT NORTH
    Plaintiff *pro se*
    12270 S 2600 W
    Riverton, UT 84065

                                            /s/ Anne E. Blaess
                                            ANNE E. BLAESS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GRANT NORTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 1:07-cv-781-EGS |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM IN SUPPORT OF THE UNITED STATES'
MOTION TO DISMISS

This is a civil action brought under the Administrative Procedure Act (the "APA") in which Plaintiff alleges that the Internal Revenue Service (the "Service") disregarded various provisions of the Internal Revenue Code and regulations promulgated under the Code. Plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and (6) for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

QUESTIONS PRESENTED

The APA bars actions concerning the assessment or collection of federal taxes. Plaintiff's claim related to collection activities, namely, the serving of notices of levy by the Service  Should Plaintiff's complaint be dismissed for lack of subject matter jurisdiction?

Fed. R. Civ. P. 8(a) provides that a complaint need only set forth a short and plain statement of the claim that gives the defendant fair notice of the claim and

-4-

grounds upon which it rests. Plaintiff's complaint contains no factual support whatsoever for any of the alleged instances in which the Service purportedly disregarded provisions of the Internal Revenue Code. Should Plaintiff's complaint be dismissed for failure to state a claim?

## STATEMENT OF FACTS

1. Introduction

On April 24, 2007, Plaintiff, acting *pro se*, filed a complaint in the above captioned matter. Plaintiff requests that the Court review the actions of the Service in issuing notices of levy.[1] (Compl. ¶ IV.)

2. The present action under the APA

Plaintiff complains that the Service has allegedly disregarded various provisions of the Internal Revenue Code and the regulations promulgated under the Code. (Id.) Plaintiff bases his cause of action in the APA, which he maintains provides for the review of agency actions. (Id. at ¶ II.)

3. The previous action under 26 U.S.C. § 7431

On August 25, 2006, Plaintiff filed a complaint under 26 U.S.C. § 7431 for the recovery of damages allegedly caused by the disclosure of confidential return information by the Service. North v. United States, No. 05-1516 (D.D.C. filed Aug. 25, 2006). On March 2, 2007, the Court dismissed this complaint. (Id.)

---

[1] Plaintiff states that the notices of levy at issue are attached, but the complaint contains no attachments.

ARGUMENT

**I. Standard of Review**

When determining a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the court must give the plaintiff's factual allegations close scrutiny because the plaintiff has the burden of proof to establish jurisdiction. See, e.g., Macharia v. United States, 334 F.3d 61, 64, 69 (D.C. Cir. 2003); Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). This scrutiny permits the court to consider material outside of the pleadings in its effort to determine whether it has jurisdiction. See, e.g., Cronauer v. United States, No. 04-1355, 2006 WL 2708682, at *2 (D.D.C. Sept. 20, 2006) citing EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 625 n.3 (D.C. Cir. 1997); Herbert v. Nat'l Acad. of Scis., 974 F.2d 192, 197 (D.C. Cir. 1992).

When determining a motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), the court must view all of the allegations and facts in the complaint in a light most favorable to the plaintiff, and must grant the plaintiff the benefit of all inferences that can be derived from those facts. See Barr v. Clinton, 370 F.3d 1196, 1199 (D.C. Cir. 2004). However, the court need not accept as true legal conclusions couched as a factual allegations, inferences, or conclusory allegations that are unsupported by facts set forth in the complaint. See Trudeau v. Fed. Trade Comm'n, 456 F.3d 178, 193 (D.C. Cir. 2006); Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).

**II. There is No Jurisdiction Under the APA**

Plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. This Circuit has held that "an action brought under the APA is barred if it concerns the assessment or collection of federal taxes." McGuirl v. United States, 360 F. Supp. 2d 129, 132 (D.D.C. 2004). Plaintiff's complaint is based on the Service's issuance of notices of levy. Chapter 64 of the Internal Revenue Code addresses the issue of collection, and section 6331 contained therein provides for the serving of notices of levy. Accordingly, Plaintiff's unauthorized disclosure claim relates to the Service's collection activities. See Opdahl v. United States, No. 98-0262, 2001 U.S. Dist. LEXIS 14098 (D.D.C. Aug. 16, 2001) (stating that the serving of notices of levy is a collection activity). Therefore Plaintiff's claim is barred under the APA and this Court lacks subject matter jurisdiction.

**IV. Plaintiff Fails to State a Claim**

Alternatively, Plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Even if this case were properly before the Court under the APA, Plaintiff has not alleged sufficient facts upon which to posit a violation of any provision of the Internal Revenue Code. A complaint need only set forth a short and plain statement of the claim that gives the defendant fair notice of the claim and grounds upon which it rests. Fed. R. Civ. P. 8(a). But here, there are no facts in Plaintiff's complaint to support a claim. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-1965 (2007) ("Factual allegations must be

enough to raise a right to relief above the speculative level."); 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1216 (3d ed. 2004) ("The pleading must contain something more***than***a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."). Therefore Plaintiff fails to state a claim upon which relief can be granted, and the Court should dismiss his complaint.

## CONCLUSION

Plaintiff's complaint lacks subject matter jurisdiction because the APA does not provide jurisdiction over Plaintiff's allegations, therefore the complaint should be dismissed. In the alternative, Plaintiff has failed to state a claim upon which relief can be granted because his complaint fails to provide any factual support for his allegations, therefore the complaint should be dismissed.

DATE: July 13, 2007                                         Respectfully submitted,

 /s/ Anne E. Blaess
ANNE E. BLAESS
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Telephone: (202) 616-9806
Facsimile: (202) 514-6966
Email: Anne.E.Blaess@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GRANT NORTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 1:07-cv-781-EGS |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

ORDER

Having considered the United States' motion to dismiss, memorandum in support thereof, and any oppositions and replies thereto, the Court concludes that the motion ought to be granted.  Accordingly, it is this _____ day of _____, 2006, at Washington, District of Columbia,

ORDERED that the United States' motion to dismiss be and is GRANTED;

ORDERED that Plaintiff's complaint be and is DISMISSED WITH PREJUDICE, and it is further

ORDERED that the clerk shall distribute conformed copies of this order to the parties and representatives of the parties listed below.

_____
UNITED STATES DISTRICT JUDGE

COPIES TO:

ANNE E. BLAESS
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044

GRANT NORTH
Plaintiff *Pro Se*
12279 S 2600 W
Riverton, UT 84065